## CLEVELAND METAL BED CO. v. KUTZ.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7632. Decided Sept. 25, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**1265. WEIGHT OF EVIDENCE—480. Evidence—225. Charge of Court.**

1. No rule of evidence applicable to civil cases, other than that plaintiff or defendant is entitled to win if his evidence preponderates over that of opponent.

2. "Preponderance of evidence" distinguished from "clear and convincing proof."

Error to Common Pleas.

Judgment affirmed.

W. W. Rosenzweig, Cleveland, for Bed Co.

Mooney, Hahn, Loeser & Keough, Cleveland, for Kutz.

## STATEMENT OF FACTS

The jury in the court below, brought in a verdict apparently for the full amount asserted in the petition, together with interest. Several errors are complained of, but, upon examination, they resolve themselves to the single proposition as to whether or not this verdict was against the weight of the evidence.

Isidor Kutz, who was plaintiff in the court below, had a written contract with the defendant, The Cleveland Metal Bed Co., whereby he was to have charge of the sales of the company, for a certain specified sum, and was to have a commission on sales in addition to his stipulated salary. He claims that an addition or supplement to this contract was made verbally, by virtue of which he was to spend a certain portion of his time in the shop, and he was to have therefor, according to his version, an allowance of twenty cents per bed for every bed manufactured. Plaintiff further alleges that he performed his services for about ten months, and that the output of the factory during that time was something in excess of eight thousand beds, for which he would be entitled to something like $1600. This claim was the major part of the claim asserted, and most of the argument has been addressed to this claim.

The argument is made that the court erred in his charge to the jury, because he did not say, in so many words, that it would not be sufficient for the plaintiff to win by a preponderance of the evidence, but that it must be by clear and convincing proof.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

I do not know of any rule of evidence applicable to civil cases other than that the plaintiff is entitled to win if his evidence preponderates over that of the defendant, or vice versa. Let us see.

In the instant case the plaintiff asserted his right to be based not only upon a written contract, but upon a supplemental addedum, or a modification of that contract. If such be the state of the pleadings, where a person asserts that a written contract has been added to by parol understanding and agreement subsequent thereto, the burden is upon the person who asserts that to prove it. Now when the court says in that action that this must be done by clear and convincing proof, it only means that doubtful statements, or statements susceptible of more than one interpretation, would not be sufficient to enable the court to add that modification. In other words, before you can add to, or take from, or modify a written instrument, it must be clear that the parties so intended and made their verbal agreement so clear and concise that there could be no mistake that it was intended to be a part of the contract; that it, together with the writing, would constitute the contract sued upon.

Does that necessarily mean that, when this degree of proof is presented to the court, the plaintiff must prove his case by more than a preponderance of the evidence Remember there is a distinction between a preponderance of the evidence and clear and convincing proof. Proof is only a link in the chain of evidence. It relates to a single thing, or the statement of a single witness, and it is these links of the entire proof which, taken altogether, go to make up the evidence, the burden of sustaining which is imposed upon the plaintiff or defendant, as the case may be.

So, now, when under the circumstances, the court submitted the case to the jury, and told the jury that the plaintiff would not be entitled to recover unless he proved, by a preponderance of the evidence, that the contract had been made as he asserted it, this, as already stated, does not mean that certain parts of the proof must not be clear, because I think an investigation of the cases where the courts have held this proposition will show that it relates to a certain thing which, where a charge is sought to be affected, and the proof relating to such charge must be of such a character that it does add to or take away from a written contract, and when that is done the whole proof goes into the record and becomes the evidence which the court speaks of that the plaintiff must sustain his case by, but it never means that it must be more than a preponderance of the evidence.

The only two rules of evidence that I know are in criminal cases where the evidence must be beyond a reasonable doubt, and in civil cases where the party sustaining the burden must prove it by a preponderance of the evidence. The words that the courts have used in this respect are inclined to be misleading, and I do not wonder that lawyers have been misled by them.

With this analysis in connection with the charge of the court, was there any error in it that could have misled the jury? We think not. We think the case was fairly and squarely submitted to the jury, and that the jury brought

(Continued on Page 144)

# THE OMNIBUS INDEX

★These Cases will appear in the Official Volumes, as indicated, with slight changes in the paging.

Aiken v. Cincinn., Sand'y & Cleve. Ry. Co. et. (See reverse). .OA. 6 Abs. 135.

Becker et v. Gordon et. Dock. 6 Abs. 141; No. 20966.

Burns Motor Co. v. Briggs. OA. 6 Abs. 133.

Cincinnati, Sand'y & Cleve. Ry. Co. v. Aiken. (See reverse). Dock. 6 Abs. 109; No. 20951.

Cleveland Metal Bed Co. v. Kutz. OA. 6 Abs. 143.

Columbus, D. & M. Elect. Co. v. Schlessinger. OA. 6 Abs. 138.

Conkle v. Bellevue (City). OA. 4 Abs. 299; dock. 4 Abs. 223; No. 19725; rev. 5 Abs. 823; OS. 6 Abs. 42; 117 OS. 334★.

Det. Tol. & I. R. R. Co. v. Brecht. Dock. 6 Abs. 92; No. 20936; mo. cer. ov. 6 Abs. 141.

Detroit, Tol. & I. Ry. Co. v. Davis. OA. 6 Abs. 142.

Dudock v. Alexander et. OA. 6 Abs. 136.

Gardner et v. Kern. (See reverse). OS. 4 Abs. 870; 115 OS. 415★.

Geiger v. Geiger. OA. 6 Abs. 140; dock. 5 Abs. 269; No. 20468; mo. by deft. to dis. pet. in err. as of rt. ov. 5 Abs. 331; aff. 5 Abs. 823; 25 Oh. Ap. 306★.

Indust. Com. v. Ahern. Dock. 6 Abs. 141; No. 20973.

Jonas v. Swetland Co. OA. 6 Abs. 73; dock. 6 Abs. 61; No. 20921; mo. cer. al. 6 Abs. 141.

Johnstone v. Toledo Machinery Exc. Inc. Dock. 6 Abs. 141; No. 20969.

Johnston Paper Co. v. Globe Register Co. OA. 5 Abs. 598; 26 Oh. Ap. 27★.

Kentucky Cent. Life & Ac. Ins. Co. v. Walton. Dock. 6 Abs. 109; No. 20944; mo. cer. ov. 6 Abs. 141.

Kern v. Gardner et. (See reverse). OA. 3 Abs. 589; 26 Oh. Ap. 42★.

Kish et v. Yung et. OA. 6 Abs. 131.

Laub Baking Co. v. Middleton. Dock. 5 Abs. 153; No. 20866; mo. cer. al. 5 Abs. 283; rev. 6 Abs. 125; OS. 6 Abs. 141.

Liffring v. Liffring. OA. 6 Abs. 139.

Lorain County Sav. & Tr. Co. v. Haynes. OA. 5 Abs. 723; dock. 5 Abs. 765; No. 20814; mo. cer. ov. 6 Abs. 141.

Market et v. Fouts. OA. 6 Abs. 135.

Martin Baking Co. v. Tompkinson. OA. 6 Abs. 130.

Mitchell v. City of Columbus. Dock. 6 Abs. 141; No. 20970.

Moore v. State. Dock. 6 Abs. 141; No. 20965.

Ocean Guar. Co. et v. Middleton. Dock. 5 Abs. 153; No. 20367; mo. cer. al. 5 Abs. 283; OS. 5 Abs. 346; rev. 6 Abs. 125; OS. 6 Abs. 141.

Planson, Exr. v. Scott, Admr. (See reverse). OA. 5 Abs. 388; 26 Oh. Ap. 36★.

Pure Oil Co. v. Turner. Dock. 5 Abs. 556; No. 20718; mo. cer. al. 6 Abs. 141.

Reel et v. Combes. OA. 6 Abs. 134; 25 Oh. Ap. 284★.

Reynolds v. Hart. Dock. 6 Abs. 109; No. 20946; mo. cer. ov. 6 Abs. 141.

Robinson v. Riley. OA. 6 Abs. 132; 25 Oh. Ap. 309★.

Sauner v. Dragoo. OA. 6 Abs. 134.

Scott, Adm. v. Planson. (See reverse). OA. 5 Abs. 388; dock. 5 Abs. 360; No. 20558; mo. cer. ov. 5 Abs. 419; mo. by def. to Strk. mo. to cer. fr. files. ov. 5 Abs. 419.

Seal v. Stock Yards Bank. Dock. 5 Abs. 797; No. 20845; mo. cer. ov. 6 Abs. 141.

Skalski, Admx. v. Krieger. OA. 3 Abs. 522; 26 Oh. Ap. 24★.

Southern Surety Co. v. Standard Slag Co. Dock. 5 Abs. 281; No. 20471; all. 5 Abs. 361; OS. P. 5 Abs. 504; rev. 5 Abs. 823; 117 OS. 327★.

Spitzig v. State ex Hiles. Dock. 6 Abs. 141; No. 20971.

Stark Bd. Co. Comm. v. P. U. C. Dock. 6 Abs. 141; No. 20964.

State v. Cummings. Dock. 6 Abs. 141; No. 20972.

State ex Universal Des. Co. v. Wiegand. OA. 5 Abs. 512; 26 Oh. Ap. 16★.

Tennison v. Dreifus. OA. 5 Abs. 550; 26 Oh. Ap. 46★.

Toledo Transfer Co. v. Holmes. Dock. 6 Abs. 141; No. 20967.

White Sewing Machine Co. v. Feisel. OA. 6 Abs. 137; dock. 6 Abs. 29; No. 20892; mo. cer..ov. 6 Abs. 77.

Williams, Admr. etc. v. Berry. OA. 6 Abs. 133..

Wilson v. State. OA. 5 Abs. 748; dock. 5 Abs. 522; No. 20690; mo. cer. ov. 5 Abs. 765; 26 Oh. Ap. 1★.

Zwolinski v. Lincoln Hts. Sav. & L. Co. Dock. 6 Abs. 141; No. 20968.

---

(Continued from Page 130)

**991. RAILROADS.**

See 1053. Roads and Highways. Columbus, D. & M. Elect. Co. v. Schlessinger, OA. 6 Abs, 138.

See 445. Easements. Aiken v. Cin., Sand'y & Cleve-Ry. Co., OA. 6 Abs. 135.

**997. REAL ESTATE.**

See 445. Easements. Aiken v. Cin., Sand'y & Cleve-Ry. Co., OA. 6 Abs. 135.

See 1100. Specific Performance. Kish et v. Yung et, OA. 6 Abs. 131.

See 1255. Warranty. Sauner v. Dragoo, OA. 6 Abs. 134.

**1053. ROADS AND HIGHWAYS.**

Columbus, D. & M. Elect. Co. v. Schlessinger, OA. 6 Abs. 138.

**1100. SPECIFIC PERFORMANCE.**

Kish et v. Yung et, OA. 6 Abs. 131.

**1104. STATUTES.**

See 957. Probate Court. Geiger v. Geiger, OA. 6 Abs. 140.

See 685. Justices of the Peace. Robinson v. Riley, OA. 6 Abs. 132.

**1140. SURETY AND SURETYSHIP.**

Reel v. Combes, OA. 6 Abs. 134.

**1195. TRIAL.**

See 225. Charge of Court. Market v. Fouts, OA. 6 Abs. 135

**1255. WARRANTY.**

Sauner v. Dragoo, OA. 6 Abs. 134.

**1265. WEIGHT OF EVIDENCE.**

Cleveland Metal Bed Co. v. Kutz, OA. 6 Abs. 143.

---

(Continued from Page 143)

in a verdict in accordance with their understanding of the evidence, and we cannot say that the verdict is so manifestly against the weight of the evidence that a reviewing court would be justified in disturbing it.

(Sullivan, PJ. and Levine, J., concur.)